Gregory B. Smith (USB 6657)
GREG SMITH AND ASSOCIATES
111 East 5600 South, #105
Murray, UT  84107
Telephone: (801) 641-3397
Email:  gs@justiceinutahnow.com

*Attorney for Plaintiff, Rubicela Gomez*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RUBICELA GOMEZ,<br>Plaintiff,<br>*vs.*<br><br>MAA BYU HOSPITALITY, A UTAH LIMITED LIABILITY COMPANY ("MAA"); AND JOHN DOES I-III,<br><br>Defendants. | **PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY**<br><br>Civil Number: 2:18-cv-00041-BCW |

Plaintiff files this Complaint and complains against Defendant as follows:

### I. PARTIES

Rubicela is an individual citizen, who resides in Utah. Defendant, MAA BYU Hospitality ("MAA") is a franchisee of Wyndham Vacation Ownership, Inc. The State of Utah gives the following information about MAA: Entity Number: 7699201-0160; Company Type: LLC – Domestic; Address: 1555 N. Canyon Road, Provo, UT  84604;

1

Registered Agent: BHARAT B. MARU; Registered Agent Address: 1555 N. Canyon Road, Provo, UT 84604.

## II. JURISDICTION AND VENUE

The Court has jurisdiction under the Fair Labor Standards Act of 1938, as amended 29 U.S.C. 201, et seq. ("FLSA"). The Court also has supplemental jurisdiction pursuant to 28 U.S. Code § 1367. Supplemental jurisdiction is needed for "gap time;" in other words, for wages that were earned above and beyond minimum wage, but perhaps not part of overtime hours.[1] Venue is proper in this Court (pursuant to 28 U.S.C. § 1391) because the activities either took place in Utah County, State of Utah, or that is where Defendants reside.

## III. STATEMENT OF FACTS

1. At all times while working for Defendants, Defendants grossed more than $500,000 per year in the rental of motel rooms and the sales of various items.
2. For purposes of the FLSA, Defendants were "covered enterprises."

---

[1] Plaintiff is seeking what she is owed under the FLSA, plus "gap time," and Utah state claims such as breach of contract and unjust enrichment/quantum meruit. In other words, for wages for fewer than forty hours per week at a rate greater than the minimum wage-which are not recoverable under the FLSA. Plaintiff's recovery of such "gap time" wages is premised on the notion that an employer may not be liable under the FLSA "as long as the overall earnings for the non-overtime workweek in which the gap time hours worked equal or exceeded the amount due at the FLSA minimum wage for all hours worked in that week, including gap time hours." Federal Courts have allowed such claims for unjust enrichment or quantum meruit to proceed when the claim seeks something more than what the FLSA can provide—such as regular wages not paid at the contracted rate or "gap time" wages. *See* Tommey v. Computer Scis. Corp., No. 11-CV-02214-EFM-GLR, 2013 WL 1000659, at *2 (D. Kan. Mar. 13, 2013); *Sanchez v. Haltz Construction, Inc.,* 2012 WL 13514, *8 (N.D.Ill. Jan. 4, 2012) (citing *Nicholson v. UTi Worldwide, Inc.,* 2010 WL 551551, at *5 (S.D.Ill. Feb. 12, 2010)); *Osby v. Citigroup, Inc.,* 2008 WL 2074102, *2 (W.D.Mo. May 14, 2008).

3. Defendants are both employers per 29 U.S.C. § 201, et. seq. of the FLSA, and pursuant to 29 U.S.C. § 215(a)(3).

4. At all times while working for Defendants, Plaintiff was a non-exempt employee.

5. Defendants did not properly pay Plaintiff overtime wages per Utah and Federal laws.

6. Defendants hired Plaintiff on or about June of 2014 to engage in housekeeping.

7. Plaintiff separated from the employ of Defendants on or about June of 2016.

8. While working for Defendants, Plaintiff routinely worked 55 hours per week (or so).

9. Despite Plaintiff's working of overtime hours, Defendants did not properly pay her for such doing every week in which she worked (she always put between 55 to 60 hours per week.)

10. Defendants would modify Plaintiffs hours on each of her paychecks.

11. Defendants paid her about $9 an hour, but refused to pay overtime to her.

## IV. CAUSE OF ACTION

12. Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above.

13. The FLSA requires covered employers to pay a minimum wage and overtime wages. Fair Labor Standards Act of 1938, § 16(b), 29 U.S.C.A. § 216(b)

14. Defendants was a covered employer the entire time Plaintiff worked for Defendants.

15. While working for Defendants, Plaintiff was a non-exempt employee, who often worked beyond forty (40) hours in her workweeks, but Defendant failed to pay her her overtime wages.

16. Section 16(b) of the FLSA, 29 U.S.C. § 216(b), 29 USC §§ 206-207 and other laws entitles an employee to recover all unpaid wages, an equivalent amount as liquidated damages, and reasonable attorneys' fees and costs when their employer has failed to pay minimum wages or overtime, for which Plaintiff prays.

17. At all times relevant to this action, Defendant willfully failed and refused to pay Plaintiff both federal minimum wages and overtime wages required by the FLSA to Plaintiff's.

## V. JURY DEMAND

18. Plaintiff demands a jury trial.

## VI. PRAYER FOR RELIEF

19. Order that Defendants pay all statutory and compensatory damages as a result of their unlawful conduct such as liquidated damages (an equal amount of the unpaid overtime), attorney fees, and costs of this action.

DATED this 30th day of January, 2018.

GREG SMITH & ASSOCIATES

/s/Gregory B. Smith
GREGORY B. SMITH
*Attorney for Plaintiff*
Rubicela Gomez