**THE LAW OFFICE @ 456**
J. BRYAN JACKSON, P.C. (4488)
Attorney for Defendant MAA BYU Hospitality
456 West 200 North
P.O. Box 519
Cedar City, Utah 84721-0519
(435) 586-8450
bryan@lawoffice456.com

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RUBICELLA GOMEZ,<br>            Plaintiff,<br>v.<br><br>MAA BYU HOSPITALITY, a Utah Limited<br>Liability Company; and DOES I-XXX,<br>            Defendant. | **ANSWER TO AMENDED COMPLAINT<br>BY MAA BYU HOSPITALITY, A UTAH<br>LIMITED LIABILITY COMPANY**<br><br>Civil No. 2:18-CV-00041-BCW<br>Judge: |

COMES NOW the Defendant, MAA BYU HOSPITALITY, a Utah Limited Liability

company, by and through its attorney, J. BRYAN JACKSON, who answers Plaintiff's Amended

Complaint and Demand for Jury Trial as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted as

against this Defendant and, therefore, the same should be dismissed.

## SECOND DEFENSE

As to the specific allegations set forth in Plaintiff's Amended Complaint and Demand for

Jury Trial this Defendant responds as follows:

## I. PARTIES

The Defendant acknowledges that MAA BYU HOSPITALITY is a franchisee of

WYNDHAM VACATION OWNERSHIP, INC., Entity Number 769-9201-0160 and that it is a

Utah limited liability company whose principal business address is 155 North Canyon Rd, Provo, UT 84604. The Defendant further acknowledges that its registered agent is BHARAT B. MARU and his designated address is the same as the principal business stated above.

## II. JURISDICTION AND VENUE

The Defendant acknowledges that the Federal Court has jurisdiction under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq.*, and may have supplemental jurisdiction pursuant to 28, US Code Section 1267. This Defendant disputes the application of such jurisdiction or the characterization set forth hereafter regarding "gap time"; however, venue is proper and appropriate pursuant to 28 U.S.C. Section 1391 in that the transaction and arrangement, if any, took place in Utah County, State of Utah.

## III. STATEMENT OF FACTS

The Defendant responds to the allegations after setting the same forth in its answer as follows:

1. At all times while working for Defendants, Defendants grossed more than $500,000 per year in the rental of motel rooms and the sales of various items.

**RESPONSE:** Admitted.

2. For purposes of the FLSA, Defendants were "covered enterprises."

**RESPONSE:** Denied.

3. Defendants are both employers per 29 U.S.C. Section 201, *et seq.*, of the FLSA, and pursuant to U.S.C. Section 215(a)(3).

**RESPONSE:** Admitted.

4. At all times while working for Defendants, Plaintiff was a nonexempt employee.

**RESPONSE:** Denied. Defendant asserts that Plaintiff's employment status may have varied while employed, therefore, the allegation is denied and Plaintiff is put to her proof.

5. Defendants did not properly pay Plaintiff overtime wages per Utah and Federal laws.

**RESPONSE:** Denied. Plaintiff was properly paid and accepted payment upon the understanding of work performed and her arrangement for employment.

6. Defendants hired Plaintiff on or about June, 2014, to engage in housekeeping.

**RESPONSE:** The Defendant admits that employment commenced in June, 2014, for housekeeping.

7. Plaintiff separated from the Defendants on or about June, 2016.

**RESPONSE:** The Defendant admits that the Plaintiff terminated employment in June, 2016.

8. While working for Defendants, Plaintiff routinely worked 55 hours per week (or so).

**RESPONSE:** Denied.

9. Despite Plaintiff working overtime hours, Defendants did not properly pay her for such during every week in which she worked (she always put between 55 to 60 hours per week.)

**RESPONSE:** Denied.

10. Defendants would modify Plaintiff's hours on each of her paychecks.

**RESPONSE:** Denied.

11. Defendants paid her about nine dollars an hour, but refused to pay overtime to her.

**RESPONSE:** The hourly rate and the number of hours worked are reflected in Plaintiff's employment pay stubs and any allegation referring to uncompensated work is denied.

## IV. CAUSE OF ACTION

12. Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above.

**RESPONSE:** Defendant admits and denies as set forth above.

13. The FLSA requires covered employers to pay minimum wage and overtime wages. Fair Labor Standards Act of 1938, Section 16(b) 29 U.S.C.A. Section 216(b).

**RESPONSE:** Admitted.

14. Defendants was a covered employer the entire time Plaintiff worked for Defendants.

**RESPONSE:** Denied.

15. While working for Defendants, Plaintiff was a nonexempt employee, who often worked forty (40) hours on her work weeks, but Defendant failed to pay her overtime wages.

**RESPONSE:** Denied

16. Section 16(b) of the FLSA, 29 at U.S.C. Section 216(b), 29 U.S.C. Section 206-207 and other laws entitles an employee to recover and pay all unpaid wages, an equivalent amount as liquidated damages, and reasonable attorney fees and costs when their employer has failed to pay minimum wages or overtime, for which point Plaintiff prays.

**RESPONSE:** The Defendant denies the application of the statutory provisions in this instance.

17. At all times relevant to this action, Defendant willfully failed and refused to pay Plaintiff both federal minimum wages and overtime wages required by the FLSA to Plaintiffs [sic].

**RESPONSE:** Denied.

## V. JURY DEMAND

18. Plaintiff demands a jury trial.

**RESPONSE:** The Defendant has no objection to Plaintiff demanding a jury trial.

## VI. PRAYER FOR RELIEF

19. Plaintiff prays that the Court order that Defendants pay all statutory and compensatory damages as a result of their unlawful conduct which has liquidated debt such as

liquidated damages (an equal amount of the unpaid overtime), expenses, attorney fees, and costs of this action.

**RESPONSE:** Denied.

20. As to any allegation, express or implied which has not been expressly and specifically admitted herein, the same is denied by this Defendant.

## THIRD DEFENSE

The Defendant asserts that he may have further additional defenses that may arise or accrue through the course of discovery and reserves the right and requests leave to amend its answer to assert any additional defenses, counterclaims, cross-claims or discovered factors that may have an impact upon the allegations as set forth in Plaintiff's Amended Complaint which Defendant believes may include the following:

(a) Accord and satisfaction;

(b) Application of the statute of limitations or the statute of frauds;

(c) Defense for Plaintiff's failure to mitigate damages;

(d) Resolution through other administrative proceedings including the Utah Department of Labor;

(e) Offset or deduction for Plaintiff's failure to work appropriate hours or to properly complete the services for which she was engaged to perform; and

(f) Semi-Estoppel or defense due to Plaintiff's nonfeasance, malfeasance or upon the doctrine of unclean hands.

WHEREFORE, the Defendant having responded to Plaintiff's Complaint, requests that judgment be granted in its favor and against the Plaintiff no cause of action and that it be

awarded its reasonable attorney fees and such other and further relief as to this Court appears

equitable and proper.


DATED this 28th day of February, 2018.


\_\_\_/s/ J. Bryan Jackson_____

J. BRYAN JACKSON,

Attorney for Defendant